FILED SWW
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 0 2004

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                           No. 5:04CV-0335 SWW

**LAWRENCE VAUGHN AND
ROSIE VAUGHN, HIS WIFE**                                  **DEFENDANTS**

This case assigned to District Judge _Wright_

**COMPLAINT** and to Magistrate Judge _Young_

Plaintiff, the United States of America, acting by and through U.S. Department of Agriculture, Rural Development, formerly known as Farmers Home Administration, represented herein by the United States Attorney for the Eastern District of Arkansas, for its cause of action alleges:

1.      This is an action to foreclose a lien upon real property located at 2332 Jasmine Drive, Lake Village, Chicot County, Arkansas, and within the Eastern District of Arkansas.  Jurisdiction is predicated on 28 U.S.C. Section 1345.  Defendants Lawrence Vaughn and Rosie Vaughn, his wife, are residents of 2332 Jasmine Drive, P. O. Box 991, Lake Village, AR  71653.

2.      For valuable consideration and to obtain a rural housing loan from the United States of America, acting through the U.S. Department of Agriculture, Rural Development, formerly known as Farmers Home Administration, the defendants Lawrence Vaughn and Rosie Vaughn, his wife, executed and delivered to plaintiff promissory notes, copies of which are attached as **Exhibits A and B**.  Plaintiff is the owner and holder of the notes.



3.      Concurrently with the execution and delivery of the promissory notes and for the purpose of securing payment of the indebtedness evidenced by it, defendants Lawrence Vaughn and Rosie Vaughn, his wife, executed, acknowledged in the manner required by law, and delivered to plaintiff mortgages conveying certain real property situated in Chicot County, Arkansas, more fully described as follows:

> **Lot No. Twenty-Six (26) of the W. T. James Subdivision of Lakewood Estates No. 1 as shown by plat of said subdivision recorded in plat Book No. 2, Page 31 of the records of the Circuit Clerk and Ex-Officio Recorder in and for Chicot County, Arkansas, subject to restrictive covenants and assurances filed in Deed Record Book G-18, Page 277, in the Office of the Circuit Clerk and Ex-Officio Recorder in and for Chicot County, Arkansas.**

These mortgages were duly recorded on 10/5/94, 11/10/94, and 05/16/95 in the records of the Circuit Clerk and Recorder for Chicot County, Arkansas, in Book Z18 at page 310, Book Z18, Page 598, and Book F19, Page 525.  Copies of these instruments are attached as **Exhibits C, D, and E.**

4.      The mortgages attached as Exhibits C, D, and E contains a release by the borrowers therein of all rights and equity of redemption, dower, curtesy and homestead under the laws and Constitution of the State of Arkansas.

5.      Defendants Lawrence Vaughn and Rosie Vaughn, his wife, are in default as to the payment required by the documents and have failed to pay the taxes on the property.  There is now owing to plaintiff United States of America, the unpaid **principal** balance of **$39,537.96**, plus **interest** accrued through **March 19, 2004**, in the amount of

**$8,372.71**, plus additional interest accruing thereafter at the **daily rate** of **$7.6188**, plus **recoverable charges and advances** of **$2,549.71** made pursuant to the terms of the promissory notes and mortgages and any additional recoverable charges and advances made during the pendency of this action.

6.      The defendants received interest credit subsidy from plaintiff. **Interest credit** in the sum of **$4,052.00** is subject to recapture.

7.      In accordance with the terms of the promissory notes, Exhibits A and B, plaintiff elected to accelerate maturity of all principal and interest owing and demanded payment. Defendants Lawrence Vaughn and Rosie Vaughn, his wife, have failed and refused to pay. All conditions precedent to institution of foreclosure suit have been performed or have occurred.

**WHEREFORE**, plaintiff prays for relief as follows:

(a)      That the Court find and adjudge that defendants Lawrence Vaughn and Rosie Vaughn, his wife, are in default in their obligations under the promissory notes and mortgages and there presently is due and payable an unpaid balance of the debt as set forth in this complaint, and that the plaintiff have judgment **in rem** against the property for the amounts set forth above;

(b)      That because of such default, the lien of the mortgage hereinabove described be declared to constitute a first and paramount lien upon all of the property hereinabove described; that such lien be foreclosed by sale pursuant to order of this

Court; and that such sale be adjudged to constitute a permanent bar to all right, title, claim and interest, including all rights or equity of redemption, and all rights of dower, curtesy or homestead of each of the defendants, in and to the property hereinabove described;

    (c)    That subsequent to such sale, the Court retain jurisdiction of this action for the purpose of issuing such orders or writs as may be required to put the purchaser at such sale in possession of the property;

    (d)    That plaintiff have such additional relief as may be proper and for its costs.

H. E. (BUD) CUMMINS
UNITED STATES ATTORNEY

BY FLETCHER JACKSON
Assistant U. S. Attorney
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Bar No.63027

4

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

Vaughn, Laurence

| TYPE OF LOAN |
| --- |
| R H 502 |

| |
| --- |
| STATE |
| ARKANSAS |
| COUNTY |
| CHICOT |
| CASE NO. |
| 03-09-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 |

Date _____ OCTOBER 4 _____, 19 94 .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ LAKE VILLAGE, ARKANSAS _____

THE PRINCIPAL SUM OF _THIRTY EIGHT THOUSAND NINE HUNDRED NINETY AND NO/100------_

DOLLARS ($ ___38,990.00_____ ), plus INTEREST on the UNPAID PRINCIPAL of

_SIX AND ONE HALF_____ PERCENT ( ___6.50___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☒ I.  Principal and Interest payments shall be deferred. The interest accrued to ___6-5_____, 19 95 _

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in ____388_____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $___39,790.65_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19____ , through _____ , 19____ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.  Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

$_____ 246.00 _____ on ____7-5_____ , 19 95 , and

$_____ 246.00 _____ thereafter on the __5th__ of each _MONTH_

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _THIRTY THREE_ ( __33__ ) **YEARS**

from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the fo...

of payments.

GOVERNMENT
EXHIBIT
A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

**CREDIT ELSEWHERE CERTIFICATION:** Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY:** If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

**REFINANCING AGREEMENT:** Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**CREDIT SALE TO NONPROGRAM BORROWER:** The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the Borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

**SUBSIDY REPAYMENT AGREEMENT:** Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

**WARNING:** Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR 3017.

Presentment, protest, and notice are hereby waived.

_Lawrence Vaughn_ (BORROWER)    (SEAL)
LAWRENCE VAUGHN

_Rosie Vaughn_ (CO-BORROWER)    (SEAL)
ROSIE VAUGHN

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

*Vaughn, Lawrence*

| | |
|---|---|
| STATE | ARKANSAS |
| COUNTY | CHICOT |
| CASE NO. | 03-09-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 |

TYPE OF LOAN

RH 502

Date _____ May 15 _____, 19 95

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

LAKE VILLAGE, ARKANSAS

THE PRINCIPAL SUM OF __THREE THOUSAND SEVEN HUNDRED TEN DOLLARS__

DOLLARS ($ __3,710.00__ ), plus INTEREST on the UNPAID PRINCIPAL of

__EIGHT__ PERCENT ( __8.00__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19____, through _____, 19____, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

| | | |
|---|---|---|
| $ __27.00__ | on | __JUNE 15__, 19 __95__, and |
| $ __27.00__ | thereafter on the __15th__ of each __MONTH__ | |

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** THIRTY THREE ( __33__ from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the for of payments.

GOVERNMENT
EXHIBIT
B

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

*Lawrence Vaughn*
Lawrence Vaughn          *(BORROWER)*          (SEAL)

*Rosie Vaughn*
Rosie Vaughn          *(CO-BORROWER)*          (SEAL)

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

*Position 5*

**USDA-FmHA**
Form FmHA 1927-1 AR
(Rev. 8-93)

**PREPARER'S STATEMENT**
The form of this instrument was drafted by the Office of
the General Counsel of the United States Department of
Agriculture, and the material in the blank spaces in the
form was inserted by or under the direction of

JOSEPH P. MAZZANTI, III
P.O. BOX 151
~~LAKE VILLAGE, ARKANSAS~~ 71653

# REAL ESTATE MORTGAGE FOR ARKANSAS

THIS MORTGAGE is made and entered into by _____ LAWRENCE VAUGHN------- _____

-----------------------and       ROSIE VAUGHN-------- _____

residing in _____ CHICOT _____ County, Arkansas, whose post office address is

_____ LAKE VILLAGE _____ ,Arkansas 71653 ____ ,

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government,":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| October 4, 1994 | $38,990.00 | 6.50% | October 4, 2027 |

FmHA 1927-1 AR

GOVERNMENT
EXHIBIT
C

ie interest rate for ~~ed~~ resource farm ownership or limited resour~~ce~~ ~~op~~erating loan(s) secured by this instrument may ~~be revi~~sed as provided in ~~the~~ Farmers Home Administration regulations an~~d~~ ~~the~~ note.)

~~An~~d the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment ~~p~~ursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statute ~~administ~~ered by the Farmers Home Administration;

~~An~~d it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the ~~Governm~~ent, or in the event the Government should assign this instrument without insurance of the note, this instrument shall ~~secure p~~ayment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note ~~but as~~ ~~t~~o the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the ~~Gover~~nment against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recapture ~~a~~greement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreements herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, and assign unto the Government the following property situated in the State of Arkansas, County(ies) of

CHICOT

SEE ATTTACHMENT "A" FOR LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repairs and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal or other minerals except as may be necessary for ordinary domestic purposes.

(10)    To comply with all laws, ordinances, and regulations affec~~ting~~

request, to deliver ...

(9)  To maintain improvements in good repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt for liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its right under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, including but not limited to a NON-JUDICIAL FORECLOSURE under The Statutory Foreclosure Act of 1987, Act 1987, No. 53, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid; (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At forecosure or other sale of all or any part of the property the Government and its agents may bid and purchase as a stranger and may the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that, the Government will not be bound by any present or future State laws, (a) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (b) prescribing any other statute of limitations, or (c) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives the statutory right of redemption.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agriculture commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Little Rock, Arkansas 72201, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  By acceptance of this instrument, the Government acknowledges that it has obligated loan funds in the full amount of the note, $ 32,640.00 of which is for the purpose of constructing, improving, or replacing buildings on the property and the balance, if any, is for the payment of pre-existing liens, or the purchase price of the land.

(25)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(26)  And we, **Lawrence Vaughn** and **Rosie Vaughn**, husband and wife, for the consideration aforesaid, do hereby release and relinquish unto the mortgagee, its successors and assigns, all of our rights or possibilities of dower, curtesy, and homestead in and to said premises.

*In any case where this covenant is not applicable, it should be deleted.*

Witness the hand(s) of Borrower this _____ 4th _____ day of _____ October _____, 19 94

_Lawrence Vaughn_ (signature)
LAWRENCE VAUGHN

_Rosie Vaughn_ (signature)
ROSIE VAUGHN

**ACKNOWLEDGMENT**

STATE OF ARKANSAS

COUNTY OF _____ CHICOT _____

On this the _____ 4th _____ day of _____ October _____, 19 94 before me, **Joseph P. Mazzanti** the undersigned officer, personally appeared _____ Lawrence Vaughn _____ and _____ Rosie Vaughn _____ husband and wife, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged that they had executed the same for the purposes therein contained.

WITNESS my hand and seal.

(SEAL)

My commission expires the _____ 8/13/ 2000 _____  _Joseph P. Mazzanti_ (signature)
Notary Public.

*U.S.GPO:1993-0-758-928

# EXHIBIT "A"

Lot Number Twenty-six (26) of the W.T. James Subdivision of
the North 19.2 feet of Lot 19 and of Lots 20 through 28, and
all of Lots 47 through 53 of Plat of Lakewood Estates No. 1 as
shown by Plat of said subdivision recorded in Plat Book No. 2,
Page 7 of the records of the Clerk and Ex-Officio Recorder of
Chicot County, Arkansas;  SUBJECT TO RESTRICTIVE COVENANTS AND
ASSURANCES filed in Book G-18, Page 277 in the record of the
Clerk and Ex-Officio Recorder for Chicot County, Arkansas.

This instrument prepared by:

Joseph P. Mazzanti
Haddock & Mazzanti
P. O. Box 151
Lake Village, Arkansas 71653
501-265-3833

Filed in Chicot County, Ark. 5 day of
October 199 at 3:10
Floy Bostic, Circuit Clerk
By Mom McaBerry D.C.
2.00 pd HdN

# CERTIFICATE OF RECORD

STATE OF ARKANSAS } ss. _____ } ss.
  County of Chicot }

    I, Floy Bostick, Clerk of the Circuit Court and Ex-Officio Recorder for the County aforesaid, do hereby certify that the annexed and foregoing instrument of writing was filed for record in my office on the____5____day of October_____, A.D. 19 94__, at 3:10__o'clock__P__M., and the same is now duly recorded, in Record Book, Vol. 2 18_____Page 310_____.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of Said Court this____6____day of October_____19 94_.

                 FLOY BOSTICK, Clerk

        By _____Smith_____ D.C.

USDA-FmHA
Form FmHA 1927-1 AR
(Rev. 8-93)

Position 5

PREPARER'S STATEMENT
The form of this instrument was drafted by the Office of
the General Counsel of the United States Department of
Agriculture, and the material in the blank spaces in the
form was inserted by or under the direction of:

**Joseph P. Mazzanti III**
**P.O. Box 151**
**Lake Village, Arkansas 71653**

### REAL ESTATE MORTGAGE FOR ARKANSAS
### CORRECTION

THIS MORTGAGE is made and entered into by _____ LAWRENCE VAUGHN _____

AND        ROSIE VAUGHN,        HUSBAND AND WIFE

residing in _____ CHICOT _____ County, Arkansas, whose post office address is

LAKE VILLAGE _____ , Arkansas ____ 71653 ____

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government,":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| October 4, 1994 | $38,990.00 | 6.50% | October 4, 2027 |

GOVERNMENT
EXHIBIT
D

FmH

# EXHIBIT "A"

Lot Number Twenty-six (26) of the W.T. James Subdivision of Lakewood Estates No. 1 as shown by Plat of said subdivision recorded in Plat Book No. 2, Page 31 of the records of the Clerk and Ex-Officio Recorder of Chicot County, Arkansas; SUBJECT TO RESTRICTIVE COVENANTS AND ASSURANCES filed in Book G-18, Page 277 in the record of the Clerk and Ex-Officio Recorder for Chicot County, Arkansas.

## CERTIFICATE OF RECORD

STATE OF ARKANSAS   } ss.                                          } ss.
County of Chicot

I, Floy Bostick, Clerk of the Circuit Court and Ex-Officio Recorder for the County aforesaid, do hereby certify that the annexed and foregoing instrument of writing was filed for record in my office on the __10__ day of __November__, A.D. 19__94__, at __3.30__ o'clock __P__ M., and the same is now duly recorded, in Record Book, Vol. __218__ Page __598__.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of Said Court this __14__ day of __November__ 19 __94__.

FLOY BOSTICK, Clerk

By _____Smith_____ D.C.

This instrument prepared by:

Joseph P. Mazzanti
Haddock & Mazzanti
P. O. Box 151
Lake Village, Arkansas 71653
501-265-3833

Filed in Chicot County, Ark __10__ day of ____
__November__ 19 __94__ at __3.30__
Floy Bostick, Circuit Clerk
By _____Smith_____ D.C.

together with accrued intere   ,at may be capitalized under the terms and pr   ions of said note.

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreements herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, and assign unto the Government the following property situated in the State of Arkansas, County(ies) of

_SEE ATTTACHMENT "A" FOR LEGAL DESCRIPTION_

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)  To maintain improvements, good repairs required by the Government; ate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and land management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt for liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its right under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, including but not limited to, a NON-JUDICIAL FORECLOSURE under The Statutory Foreclosure Act of 1987, Act 1987, No. 53, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At forecosure or other sale of all or any part of the property the Government and its agents may bid and purchase as a stranger and may the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that, the Government will not be bound by any present or future State laws, (a) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (b) prescribing any other statute of limitations, or (c) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives the statutory right of redemption.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agriculture commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Little Rock, Arkansas 72201, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  By acceptance of this instrument, the Government acknowledges that it has obligated loan funds in the full amount

of the note, $_____32,640.00_____ of which is for the purpose of constructing, improving, or replacing buildings on the property, and the balance, if any, is for the payment of pre-existing liens, or the purchase price of the land.

(25)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provisions or application, and to that end the provisions hereof are declared to be severable.

(26)  And we, ____Lawrence Vaughn____ and ____Rosie Vaughn____ , husband and wife, for the consideration aforesaid, do hereby release and relinquish unto the mortgagee, its successors and assigns, all of our rights or possibilities of dower, curtesy, and homestead in and to said premises.

*In any case where this covenant is not applicable, it should be deleted.

Witness the hand(s) of Borrower this ____9th____ day of ____November____ ,19 94 .

LAWRENCE VAUGHN

ROSIE VAUGHN

## ACKNOWLEDGMENT

STATE OF ARKANSAS

COUNTY OF ____Ashley____ } ss:

On this the ____9TH____ day of ____NOVEMBER____ , 19 94 , before me, ____Diana A. Harrison____ the undersigned officer, personally appeared ____Lawrence Vaughn____ and ____Rosie Vaughn____ , husband and wife, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged that they had executed the same for the purposes therein contained.

WITNESS my hand and seal.

(SEAL)

My commission expires the ____2/21____ ,19 2000    Diana A. Harrison

*Notary Public.*

*Position 5*

**USDA-FmHA**
Form FmHA 1927-1 AR
(Rev. 8-93)

**PREPARER'S STATEMENT**
The form of this instrument was drafted by the Office of
the General Counsel of the United States Department of
Agriculture, and the material in the blank spaces in the
form was inserted by or under the direction of:

Joseph P. Mazzanti, III
P.O. Box 151
~~Lake Village, Arkansas~~ 71653

# REAL ESTATE MORTGAGE FOR ARKANSAS

THIS MORTGAGE is made and entered into by _____ Lawrence Vaughn     and

Rosie Vaughn,husband and wife,

residing in _____ Chicot _____ County, Arkansas, whose post office address is

P.O. Box  991 ,   Lake Village, _____ ,Arkansas  71653 ,

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government,":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| May 15, 1995 | $3,710.00 | 8.00% | May 15, 2028 |

GOVERNMENT
EXHIBIT
E

FmHA

together with accrued interest that may . .apitalized under the terms and provisions of . hote.

*(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreements herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, and assign unto the Government the following property situated in the State of Arkansas, County(ies) of

CHICOT

---

SEE ATTACHMENT "A" FOR LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.



# EXHIBIT "A"

Lot Number Twenty-six (26) of the W.T. James Subdivision of Lakewood Estates No. 1 as shown by Plat of said subdivision recorded in Plat Book No. 2, Page 31 of the records of the Clerk and Ex-Officio Recorder of Chicot County, Arkansas; SUBJECT TO RESTRICTIVE COVENANTS AND ASSURANCES filed in Book G-18, Page 277 in the record of the Clerk and Ex-Officio Recorder for Chicot County, Arkansas.

This instrument prepared by:

Joseph P. Mazzanti
Haddock & Mazzanti
P. O. Box 151
Lake Village, Arkansas 71653
501-265-3833

Filed in Chicot County, Ark 16 day of
May 19 95 at 1030
Floy Bostick Circuit Clerk
By Smith D.C.
$1200 pd H+m

…ʋ maintain improve    ⁚s in good repairs required by the Governm    operate the property in a good and
…nlike manner; comply w    such farm conservation practices and farm and .    .e management plans as the Government
…ᴴ to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security
…ɾed hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other
…ɪnerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt for liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its right under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, including but not limited to, a NON-JUDICIAL FORECLOSURE under The Statutory Foreclosure Act of 1987, Act 1987, No. 53, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At forecosure or other sale of all or any part of the property the Government and its agents may bid and purchase as a stranger and may the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)   Borrower agrees that, the Government will not be bound by any present or future State laws, (a) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (b) prescribing any other statute of limitations, or (c) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives the statutory right of redemption.

(20)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21)   Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agriculture commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Little Rock, Arkansas 72201, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  By acceptance of this instrument, the Government acknowledges that it has obligated loan funds in the full amount of the note, $ __3,710.00__ of which is for the purpose of constructing, improving, or replacing buildings on the property, and the balance, if any, is for the payment of pre-existing liens, or the purchase price of the land.

(25)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provisions or application, and to that end the provisions hereof are declared to be severable.

(26)  And we, __Lawrance Vaughn__ and __Rosie Vaughn__, husband and wife, for the consideration aforesaid, do hereby release and relinquish unto the mortgagee, its successors and assigns, all of our rights or possibilities of dower, curtesy, and homestead in and to said premises.

*In any case where this covenant is not applicable, it should be deleted.*


Witness the hand(s) of Borrower this _____15th_____ day of __May__ ,1995.

_Lawrence Vaughn_
LAWRENCE VAUGHN

_Rosie Vaughn_
ROSIE VAUGHN

### ACKNOWLEDGMENT

STATE OF ARKANSAS

COUNTY OF _____CHICOT_____  } ss:

On this the ___15th___ day of __May__ , 19__95__ , before me, Notary Public,

the undersigned officer, personally appeared __Lawrence Vaughn__ and __Rosie Vaughn__ husband and wife, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged that they had executed the same for the purposes therein contained.

WITNESS my hand and seal.

(SEAL)

My commission expires the __8/13/2000__.

_Joseph P. Maggart III_
Notary Public.

## CERTIFICATE OF RECORD

STATE OF ARKANSAS }
  County of Chicot }  ss.    ss.

    I, Floy Bostick, Clerk of the Circuit Court and Ex-Officio Recorder for the County aforesaid, do hereby certify that the annexed and foregoing instrument of writing was filed for record in my office on the ___16___ day of ___May___, A.D. 19 _95_, at _10.30_ o'clock _A_ M., and the same is now duly recorded, in Record Book, Vol. _F19_ Page _525_.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of Said Court this ___17___ day of ___May___ 19 _95_.

FLOY BOSTICK, Clerk

By ___Smith___ D.C.